JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
~~Irina Mayman~~

**DEFENDANTS**
Robert and Maria Johnson, h/w and Gregory Johnson

(b) County of Residence of First Listed Plaintiff: **Richmond County, NY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Monroe County, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robin J. Gray, Esq.
PO Box 6874, Wyomissing, PA 19610

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | LABOR | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | [x] 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 790 Other Labor Litigation | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | IMMIGRATION | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(c)

Brief description of cause:
Personal Injury case whereby minor child bitten by snake kept at Defendants' residence and owned by Father of minor child

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Over ~~$75,000~~ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _Ruby_ (signature)
DOCKET NUMBER: _____

DATE: 09/26/2023
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

05/2023

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 362 Getz Ave., Staten Island, NY 10312

Address of Defendant: 470 Effort Neola Rd., Saylorsburg, PA 18353

Place of Accident, Incident or Transaction: 470 Effort Neola Rd., Saylorsburg, PA (Monroe Cty)

---

**RELATED CASE IF ANY:**
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes ☐   No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____   /s/ Robin J. Gray   Attorney-at-Law *(Must sign above)*   PA 58725   Attorney I.D. # *(if applicable)*

---

**Civil (Place a √ in one category only)**

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ All Other Federal Question Cases. *(Please specify)*: _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury *(Please specify)*: Snake Bite
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Robin J. Gray, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 09/26/2023   /s/ Robin J. Gray   Attorney-at-Law *(Sign here if applicable)*   PA 58725   Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E. J. a minor, by IRINA MAYMAN Mother     Plaintiff | : : : : |
| v. | :   CIVIL ACTION - LAW : : |
| ROBERT and MARIA JOHNSON h/w GREGORY JOHNSON     Defendants | :   No. :   Jury Trial Demanded : : : |

## CIVIL COMPLAINT

**JURISDICTION**

This Court has original and exclusive jurisdiction over this action pursuant to 28 U.S.C. 1332 (c). The United States District Court for the Eastern District of Pennsylvania in which the cause of action arose and is pending, and thus, is the proper venue for this action.

**PARTIES**

1. E.J., a minor, through his Mother, Irina Mayman, is a minor and the grandson of Defendants, Robert and Maria Johnson and son of Gregory Johnson. The minor E.J. and his Mother reside at 362 Getz Avenue, Staten Island, NY 10312.

2. Defendants, Robert and Maria Johnson, are adult individuals, who reside at 470 Effort Neola Road, Saylorsburg, PA 18353.

3. Defendant Gregory Johnson, is an adult individual, who resides at 470 Effort Neola Road, Saylorsburg, PA 18353.

## BACKGROUND

4. E.J.'s Mother and Defendant Johnson are husband and wife but are separated.

5. As part of a child custody order, Defendant Gregory Johnson had partial custody of E.J. and his brother in the summers, including the Summer of 2021.

6. The minor child E.J. was born on 08/11/2013 and was turning 8 years old 08/11/2021.

7. Defendant Gregory Johnson engages in a hobby/small business of selling venomous snakes and has a license to do so.

8. These snakes are kept on Defendant Robert and Maria Johnson's property.

9. On or about August 2021, Defendant Gregory Johnson gave his son EJ a snake to hold.

10. The snake wrapped its tail around EJ's wrist and bit EJ with its fangs.

11. When the snake bit EJ, it did not let go, but buried its fang in the minor child's right index finger.

12. The minor child became extremely upset and started to bleed.

13. Defendant Gregory Johnson stopped the bleeding and also administered antivenom to the child's wound.

14. Defendant Gregory Johnson made the minor child EJ swear on the bible that he would not tell anyone about this incident, and especially not to tell Mother, Irina Mayman.

15. The minor child did not tell his mother about the snake bite until February of 2022. The minor child also identified the snake from a photo from Defendant Gregory Johnson's snake catalog kept for his business.

16. In the period between August 2021 and February 2022, the minor child began to show signs of increased anxiety, fear, nightmares and problems in school, that he never had prior to the snake bite incident.

17. As the minor child's problems continued to manifest, Mother became more and more concerned that there was something wrong with her child.

18. Finally, the minor child, EJ could no longer hold in what happened at Father's home and broke down and told Mother.

19. Immediately upon hearing what happened to EJ and how he was so afraid and so anxious, Mother took EJ to his pediatrician.

20. After being seen by the pediatrician, Mother took EJ to a neurologist due to EJ's nightmares and fear about being bitten by a snake,

21. EJ was evaluated by a psychologist due to his high anxiety, fear and inability to cope at school due to his fear and anxiety.

22. The psychologist, Virginia Boga, conducted the evaluation and concluded that EJ suffered from significant anxiety and attention issues related to the trauma of the snake bite and due to the fact that he had to withhold the information of the snake bite for so long due to Defendant Gregory Johnson's demands of the child.

23. The evaluation also recommended that EJ have an IEP so help EJ work through his anxiety, PTSD and fear due to the snake bite and having to withhold the information of the snake bite. (See Psychological evaluation attached hereto as Exhibit "A").

24. EJ has been in counseling since February 2022 and is currently seeing a pediatric psychiatrist who specializes with trauma with children. (See IEP attached hereto as Exhibit "B" and Notes from Steven Dyckman, MD attached hereto as Exhibit "C").

25. The medical bills for EJ's counseling thus far amount to over $30,000.00 and continue to accumulate.

26. Defendants all knew that Defendant Gregory Johnson bought and sold venomous snakes. (See photos of Defendant's Snakes attached hereto as Exhibit "D").

27. Defendants Robert and Maria Johnson permitted their son, Defendant Gregory Johnson to keep the snakes on their property and to allow the minor child to have access to these venomous snakes.

28. Defendant Gregory Johnson knew that the snake that he gave to EJ to hold was venomous and could bite him.

29. Despite this knowledge of the danger venomous snakes could cause to a young child, Defendant Gregory Johnson negligently gave a venomous snake to his young son to hold.

30. After the snake bite, all Defendants covered up the fact the minor child was bitten by the snake and instructed the minor child not to tell anyone, especially his Mother, Irina Mayman.

31. After the snake bite, Defendant Gregory Johnson, made the minor child swear on the Bible that he would never tell anyone about the snake bite, especially the minor child's Mother.

32. Defendant Gregory Johnson's mandate that the minor child not disclose what happened with the snake has caused severe emotional harm to the child, along with the mental harm and anguish caused by the actual snake bite.

33. Due to the negligence, recklessness and carelessness of Defendants, the minor child, EJ has suffered and will continue to suffer PTSD, mental anguish, anxiety, fear and severe emotional distress for the foreseeable future.

34. Due to the negligence, recklessness and carelessness of Defendants, as described above, the minor child will continue to accumulate medical bills and charges well into the foreseeable future.

## COUNT I

### NEGLIGENCE
### DEFENDANTS ROBERT AND MARIA JOHNSON

35. Plaintiff hereby incorporates paragraphs 1 through 34 as if fully set forth at length herein.

36. Defendants Robert and Maria Johnson negligently permitted their son, Gregory Johnson, to keep venomous snakes on their property with full knowledge that the minor children (their grandchildren), including EJ, would have access to those snakes.

37. Defendants Robert and Maria Johnson permitted their son, Defendant Gregory Johnson, to show and permitted the minor child, EJ to hold the venomous snakes, although these snakes are very dangerous and could harm any individual, including the minor child, EJ.

38. Defendants Robert and Maria Johnson then supported Defendant Gregory Johnson's decision to have the minor child EJ swear on the Bible that he would never tell anyone, including his Mother, about the snake bite, causing possible irreparable harm to the minor child.

39. As a result of Defendants Robert and Maria Johnson's negligence, recklessness and carelessness, the minor child, EJ suffered severe and permanent emotional distress and harm that could require many years of psychiatric counseling as well as continued IEP to help the minor child continue with his education.

40. As a result of Defendants Robert and Maria Johnson's negligence, recklessness and carelessness, the minor child, EJ will continue to accumulate medical bills and copays for his psychological and psychiatric treatment.

WHEREFORE, Plaintiff EJ, through his Mother, Irina Mayman, hereby requests this Honorable Court enter judgment in Plaintiff's favor and against Defendants in an amount in excess of $50,000.00 plus interest fees and costs and any additional relief the court deems equitable and just.

## COUNT I

## NEGLIGENCE
## DEFENDANT GREGORY JOHNSON

41. Plaintiff hereby incorporates paragraphs 1 through 40 as if fully set forth at length herein.

42. Defendant Gregory Johnson negligently kept venomous snakes on his parents (Defendants) property with full knowledge that the minor including EJ, would have access to those snakes.

43. Defendant Gregory Johnson negligently to showed and permitted the minor child, EJ to hold the venomous snakes, knowing that these snakes are very dangerous and could harm any individual, including the minor child, EJ.

44. Defendant Gregory Johnson negligently permitted his son, EJ to hold a venomous snake knowing the snake could bite his son.

45. Defendant Gregory Johnson negligently and knowingly told the minor child, EJ to withhold the information about the snake bite and made the minor child swear on the Bible that he would never tell anyone, especially Mother Irina Mayman, about the snake bite incident

46. As a result of Defendant Gregory Johnson's negligence, recklessness and carelessness, the minor child, EJ suffered severe and permanent emotional distress and harm that could require many years of psychiatric counseling as well as continued IEP to help the minor child continue with his education.

47. As a result of Defendant Gregory Johnson's negligence, recklessness and carelessness, the minor child, EJ will continue to accumulate medical bills and copays for his psychological and psychiatric treatment.

WHEREFORE, Plaintiff EJ, through his Mother, Irina Mayman, hereby requests this Honorable Court enter judgment in Plaintiff's favor and against Defendants in an amount in excess of $50,000.00 plus interest fees and costs and any additional relief the court deems equitable and just.

Respectfully submitted,

*Robin J. Gray, Esq.*

_____
Robin J. Gray, Esq.