IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| E.J., | : | CIVIL ACTION |
| *a minor, by Irina Mayman, Mother* | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT JOHNSON, | : | |
| MARIA JOHNSON, *h/w*, and | : | |
| GREGORY JOHNSON | : | NO. 23-3747 |

## ORDER

**NOW**, this 27th day of September, 2023, it appearing that venue in the United States District Court for the Middle District of Pennsylvania, where the cause of action arose, is more convenient for the parties and the witnesses, it is **ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania.[1]

_____
TIMOTHY J. SAVAGE, J.

---

[1] Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, a district court may, in the interest of justice, transfer a case to a district where it could have been brought.  Here, that district is the Middle District of Pennsylvania.

Venue is proper in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred or where any defendant resides if all defendants are residents of the state in which the district is located.  28 U.S.C. § 1391(b)(1) and (2).  For purposes of venue, residency for an individual is where he is domiciled. 28 U.S.C. § 1391(c)(1).

None of the events giving rise to the plaintiff's claims occurred in this district.  E.J.'s cause of action is based on events that occurred in Saylorsburg, Pennsylvania, in Monroe County. Saylorsburg is located within the Middle District of Pennsylvania where the defendants reside. In addition, we note that the plaintiff resides in Staten Island, New York.