UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

E.J., et al,

        Plaintiffs

   v.

ROBERT JOHNSON, et al.,

        Defendants.

CIVIL ACTION NO. 3:23-CV-1636

(MEHALCHICK, J.)

# ORDER

1. This case is referred to court-annexed mediation in accordance with Standing Order 04-3, In Re Authorizing Systematic Random Mandatory Mediation Referrals in Certain Cases Types, (July 26, 2004).

2. The following individual is appointed to serve as the mediator in this action:
   **Frank J. Brier, Esquire**
   **Myers, Brier & Kelly, LLP**
   **425 Biden Street, Suite 200**
   **Scranton, PA 18421**
   **fbrier@mbklaw.com**

3. The mediation conference shall be scheduled by the mediator after conferring with counsel and shall take place within the next sixty (60) days.

4. The mediation conference shall be conducted in accordance with M.D.Pa. Local Rule 16.8.6.

5. In accordance with M.D.Pa. Local Rule 16.8.3, the mediator's preparation time and the first six hours of mediation services shall be provided *pro bono*. After six hours of mediation, the parties and the mediator shall proceed in accordance with one of the courses of action outlined in L.R. 16.8.3(a).

6. The Clerk of Court is directed to cause a copy of this Order to be served on the mediator and to forward him/her a copy of:
   a. The Docket Sheet;
   b. The Pleadings;
   c. The Joint Case Management Plan.

7. The mediator shall file the following report at the conclusion of the mediation:

**MEDIATION REPORT**

In accordance with the Court's Mediation Order, a mediation conference was held on _____, 2024, and the results of that conference are indicated below:

_____    **The case has been completely settled.**
_____    **No settlement has been reached.**
_____    **The parties have reached an impasse. The parties and the mediator agree that a future mediation conference(s) may be beneficial and will engage in additional discussions if appropriate.**

Date: _____     Signature of Mediator _____

8. Counsel are advised that their clients or client representatives with <u>complete</u> authority to negotiate and consummate a settlement shall be in attendance at the mediation conference. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle a case during the mediation conference, if appropriate, without consulting someone else who is not present.

9. Counsel appearing for the mediation conference without their client representatives authorized as described above may, in the discretion of the mediator, cause the mediation to be canceled or rescheduled. The non-complying party/attorney or both may be assessed the costs or expenses incurred by other parties as a result of such cancellation or rescheduling, as well as any additional sanctions deemed appropriate by the Court. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this Order.

                                                **BY THE COURT:**

**Dated: June 17, 2024**     *s/ Karoline Mehalchick*
                                           **KAROLINE MEHALCHICK**
                                           **United States District Judge**