**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: Gerard J. Geiger, Esq.                    Attorney for Defendants: Robert and Maria Johnson
IDENTIFICATION NO. 44099
LAW OFFICES
712 MONROE STREET
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E.J. A MINOR,<br>BY IRINA MAYMAN, MOTHER,<br>            Plaintiff,<br>v.<br><br>ROBERT JOHNSON, GREGORY JOHNSON, AND MARIA JOHNSON H/W<br>            Defendants | NO. 3:23-cv-01636-KM<br><br>Jury Trial Demanded |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Robert and Maria Johnson, through their counsel, move for summary judgment for the following reasons:

1.   Irina Mayman files this lawsuit, on behalf of her minor son, E.J., against E.J.'s grandparents, Robert and Maria Johnson.

2.   E.J. claims that when he was 8 years old, he was bitten at his grandparents' home by a venomous pet snake owned by his father, Gregory Johnson.

1

3.   The defendant grandparents were not present when this allegedly happened outside their house. They were in their living room watching T.V. with their other grandson.

4.   The defendants have physical disabilities restricting their mobility and were unable to supervise Gregory's interactions with his son outside their house. They also had no legal right to dictate to their adult son how he should raise his own children.

5.   There is no evidence defendants knew their son kept snakes at their home, intended to show their grandson a snake, or that any danger existed in their home requiring them to protect their grandchildren.

6.   Gregory Johnson denies he had any snakes at his parents' home and the defendants deny ever seeing any snakes at their home.

7.   The defendants did not learn of the alleged bite until their former daughter-in-law sued them, even though a bite from a venomous snake would have inflicted noticeable life-threatening injury on a young child.

8.   E.J.'s own mother did not know of the alleged incident for six months. He disclosed this incident only after his mother told him she had a dream about snakes.

9. Notably, and although she denies suffering from the condition, Mayman was diagnosed with Munchausen by Proxy syndrome, described by the Third Circuit as a form of child abuse in which a parent projects illnesses upon a child which do not exist. *B.S. v. Somerset Cty.*, 704 F.3d 250, 254 n.3 (3d Cir. 2013).

10. There is not even circumstantial evidence that the defendants knew of the presence of a snake prior to the alleged bite.

11. Without evidence that defendants knew or should have known of the presence of a snake or of a dangerous condition on their property, plaintiff cannot prove an essential element of his claim.

12. Defendants will file a LR 56.1 statement of facts outlining what defendants believe are the undisputed material facts of record and upon which this court may rely in granting the defendants summary judgment.

13. Plaintiff does not concur.

WHEREFORE, the defendants, Robert and Maria Johnson, ask that the court enter summary judgment in their favor and against the plaintiff.

NEWMAN | WILLIAMS

By: s/Gerard J. Geiger, Esq.

Date: October 28, 2024

Certificate of Service

I hereby certify that, on this date, a copy of this document was served upon plaintiff's counsel via the court's ECF system.

                        NEWMAN|WILLIAMS

                        By: s/Gerard J. Geiger, Esquire
                              Attorney I.D. 44099

Date: October 28, 2024