**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: Gerard J. Geiger, Esq.  
IDENTIFICATION NO. 44099  
LAW OFFICES  
712 MONROE STREET  
STROUDSBURG, PA 18360-0511  
(570) 421-9090 (voice)  
(570) 424-9739 (fax)  
ggeiger@newmanwilliams.com

Attorney for Defendants: Robert Johnson, Gregory Johnson, Maria Johnson

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E.J. A MINOR,<br>BY IRINA MAYMAN, MOTHER,<br>　　　　　Plaintiff,<br>v.<br><br>ROBERT JOHNSON, GREGORY JOHNSON, AND MARIA JOHNSON H/W<br>　　　　　Defendants | NO. 3:23-cv-01636-KM<br><br>Jury Trial Demanded |

**Defendants' Brief in Support of
Motion for Summary Judgment**

## I.  Procedural History

On September 27, 2023, Plaintiff filed a complaint in the U.S. District Court for the Eastern District of Pennsylvania (EDPA Docket no. 2:23–cv–03747–TJS).

On September 28, 2023, the EDPA court transferred the case to the

Middle District because the Eastern District did not have personal jurisdiction.

After the case was transferred to the MDPA, Gregory Johnson moved in the MDPA Bankruptcy Court[1] for contempt and sanctions because the suit against him violated the bankruptcy court discharge order. The case was resolved by stipulation agreeing to a monetary sanction and prompting the filing of an amended complaint (Doc. No. 9) that did not include Gregory Johnson as a defendant.

On November 9, 2023, Plaintiff filed an Amended Complaint (Doc. No. 9) against only the plaintiff's grandparents, which is the operative complaint in the case.

The discovery deadline passed on September 30, 2024. The dispositive motions deadline is October 30, 2024 (Doc. No. 25).

The defendants filed a timely motion for summary judgment and a Rule 56.1 Statement of Facts concurrently with this supporting brief.

## II.   Facts

Robert and Maria Johnson reside in a two-story rural home in Saylorsburg, Monroe County, Pennsylvania, with their adult son, Gregory

---

[1] Docket no. 5:22-bk-01087.

2

Johnson and his fiancé. Statement of Facts (SF), ¶ 1. Gregory lives in an apartment adjoining their home. SF, ¶ 4.

The Johnsons' grandsons visited their father in the summer of 2021 and slept in a bedroom, with his brother, on the second floor of their home.[2]

Gregory's estranged ex-wife, Irina Mayman, claims her son was bitten by a venomous pet snake owned by Gregory which he kept in his parents' home. Mayman claims E.J. suffered permanent injuries that affects his grades and causes him to suffer from PTSD.

It is logical to assume that when an 8-year-old child is bitten by a venomous snake, there are observable signs of injury. Here, none of the adults in this family even knew of a snake bite for six months after it allegedly occurred. SF, ¶ 16.

E.J.'s mother noticed no problems nor did his grandparents. SF, ¶ 12, 13.

However, six months later, when Mayman was back in her home in New York with her children, Mayman announced to E.J. that she had a

---

[2] Due to mobility issues, the Johnsons had no access to their bedroom or the entire second floor. This circumstance is important because the plaintiff has suggested that those on the second floor could have heard snakes hissing in an attic that the Johnsons have verified does not exist.

3

dream about snakes. SF, ¶ 16. This prompted E.J. to recall that he also had contact with snakes and was, in fact, bitten by a snake six months earlier at his grandparents' home. SF, ¶ 16. And it was not just any bite. He told his mom he was bitten by a venomous snake.

The existence of whether this bite even occurred has been the subject of Gregory's contentious custody proceedings with Mayman. A psychiatrist, appointed by the court, diagnosed Mayman with Munchausen by Proxy Syndrome. SF, ¶ 8. Munchausen by proxy has been referenced by the Third Circuit as a form of child abuse in which a parent projects illnesses upon a child which do not exist. SF, ¶ 10.

The defendants are mindful that issues of credibility are for a jury to decide. We filed this motion not to decide between competing facts but to show that the plaintiff is not entitled to jury review because there are no facts, circumstantial or otherwise, to show a jury that the grandparents knew of a danger that required them to protect E.J.

Without evidence of the Johnson's knowledge, actual or circumstantial, plaintiff cannot prove an essential element of his claim.

E.J. admitted that his grandparents were not present when he claims his father showed him a snake. SF, ¶ 15. His grandmother was watching TV in her living room with his brother, R.J., and he does not know where his

grandfather was. SF, ¶ 14.

E.J. admitted he has no knowledge if his grandparents knew of the presence of snakes before the bite. SF, ¶ 19.

Mayman herself has never been in the Johnson home and can offer no testimony about the presence of snakes or defendants' knowledge of the presence of snakes. SF, ¶ 18.

E.J. claimed that after he was bitten, he told his grandmother about hearing hissing sounds in her attic suggesting the presence of snakes. SF, ¶ 27. But this was <u>after</u> he claims to have been bitten. SF, ¶ 28. His grandmother denies the conversation and both grandparents represented in their affidavit that there is no attic or crawlspace in their home which could have housed snakes. SF, ¶ 29.

As grandparents, the Johnsons had no legal right to supervise their adult son's supervision of his children. This case is therefore about premises liability. It requires plaintiff to show the grandparent owners knew of a danger to occupants of their home that they were negligent in failing to safeguard. Because there is no such evidence, we ask the court to award summary judgment to the defendants.

**III.   Issues**

    A.    Does plaintiff have evidence to show the defendants were aware of the presence of snakes that required them to take reasonable measures to protect their grandchildren during their visit?

    B.    Do the defendant grandparents have a legal duty to supervise their adult son's interactions with his own child?

**IV.   Argument**

    **A.   Standard of Review**

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates there are no genuine issues of material fact, and the evidence establishes the moving parties' entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Carrasca v. Pomeroy*, 313 F.3d 828, 832-33 (3d Cir. 2002).

Although entitled to the benefit of all justifiable inferences from the evidence, id. at 255, the plaintiff may not, in the face of a showing of a lack of a genuine issue, avoid summary judgment by resting on mere allegations or denials in the pleadings; rather, he must set forth "specific facts showing that there is a genuine issue for trial," or else summary judgment, "if appropriate," will be entered. Fed. R. Civ. P. 56(e).

## B. No Proof of Negligence Relating to a Premises Liability Theory

A homeowner's liability for a defect in their property that injures a guest hinges on whether the homeowner knew or should have known about the defect through the exercise of reasonable care.

According to the Restatement (Second) of Torts § 343, which has been adopted by the Pennsylvania Supreme Court and recognized by the 3rd Circuit, a possessor of land is subject to liability for physical harm caused to invitees by a condition on the land if, but only if, the possessor (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. Williams v. Martin Marietta Alumina, Inc., 817 F.2d 1030, Beck v. Holly Tree Homeowners Ass'n, 689 F. Supp. 2d 756, Kirschbaum v. WRGSB Assocs., 243 F.3d 145.

Therefore, if the homeowner had no knowledge of the defect and could not have discovered it through the exercise of reasonable care, they would not be liable for the injury to their guest. The key factor is whether the homeowner, by exercising reasonable care, should have discovered the

7

defect and recognized the risk it posed. *Williams v. Martin Marietta Alumina, Inc.*, 817 F.2d 1030, *Beck v. Holly Tree Homeowners Ass'n*, 689 F. Supp. 2d 756, *Kirschbaum v. WRGSB Assocs.*, 243 F.3d 145 (3d Cir. 2001).

Both defendants had restricted mobility that would have prevented them from supervising their son Greg's interactions with his own child or monitoring conditions on the second floor of their home where E.J. claims a snake was kept.

The child claims to have been bitten outside the home and not in the presence of the defendants.

The only possible circumstantial evidence that defendants knew of a snake was E.J.'s comments that he told his grandmother about hissing sounds on the second floor. However, he conceded this was only after the bite.

Additionally, even if Greg housed a snake in the defendants' home, and even if known by the defendants, it would not be a danger requiring the grandparents' protection unless and until, Greg removed it from its cage and presented it to his son. There is no evidence plaintiff can present to a jury that the grandparents knew this would occur.

There is simply no evidence to find that the disabled defendants

breached a duty of care to their grandson under Pennsylvania law.

### C. Duty to Supervise Greg Johnson's Supervision of his Son

Although there is no evidence the defendants knew their adult son was showing his own child snakes, they had no legal right to prevent him from doing so.

Grandparents do not possess constitutionally protected liberty interests in the care, custody, or control of their grandchildren unless they have a specific legal relationship or custodial role recognized by the state.

For instance, in *D.C. v. Pittsburgh Pub. Sch.*, 415 F. Supp. 3d 636 (W.D. Pa. 2019), the court found that the grandfather did not have a Fourteenth Amendment liberty interest in his relationship with his grandchild, as he did not plead any facts showing a right to care, custody, or control over the child.

Similarly, in *Rees v. Office of Children & Youth*, 744 F. Supp. 2d 434 (W.D. Pa. 2010), the court noted that there is no controlling law within the Third Circuit that grants grandparents substantive due process rights relative to the custody and care of their non-resident grandchildren. Therefore, without a specific legal or custodial relationship, which the Johnsons did not have as grandparents, they did not have a duty to

9

supervise their adult son's interactions with his own child.

The plaintiff's claims is thus necessarily limited to premises liability. But given the lack of notice of a danger, summary judgment is appropriate.

## V.  Conclusion

The defendants, Robert and Maria Johnson, ask the court to enter summary judgment in their favor and against the plaintiff.

> NEWMAN|WILLIAMS
>
> By: Gerard J. Geiger, Esq.
>      Attorney I.D. PA44099

Date: October 28, 2024

## CERTIFICATE OF USE OF
## GENERATIVE ARTIFICIAL INTELLIGENCE

I, Gerard J. Geiger, Esq., hereby certify that the following generative AI tools were used in the preparation of this document:

**1. Specific AI Tools Used:**

The generative AI tools used were LEXIS + AI;

**2. Portions Prepared by AI Tool:**

The following sections of the document were prepared with the assistance of the generative AI tool:

LEXIS + AI was used for legal research and in analyzing the validity of the cases cited in the brief and for finding relevant cases. AI summaries of cases were modified by me after review of the cited cases.

**3. Accuracy Check:**

I affirm that I manually reviewed the accuracy of the portions of the document generated by AI, including all citations and legal authorities referenced therein, and all such information is accurate and supported by appropriate sources as required by law and the ethical standards of practice.

This certification is made in compliance with the Civil Practice Order issued by Judge Karoline Mehalchick on August 19, 2024 (Doc. 28).

                        NEWMAN|WILLIAMS

                        By: s/Gerard J. Geiger, Esq.
                            Attorney I.D. PA44099

Date:   October 28, 2024