# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

E.J., *a minor, by* IRINA MAYMAN, *Mother,*

                Plaintiff,

        v.

ROBERT JOHNSON, et al.,

                Defendants.

CIVIL ACTION NO. 3:23-CV-1636

(MEHALCHICK, J.)

## **MEMORANDUM**

This action was commenced upon the filing of a complaint by Plaintiff E.J. ("Plaintiff"), *a minor, by* Irina Mayman ("Ms. Mayman"), *Mother,* on September 27, 2023 in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). On September 28, 2023, this action was transferred to the United States District Court for the Middle District of Pennsylvania. (Doc. 3). Plaintiff filed the operative amended complaint on November 9, 2023. (Doc. 9). In his amended complaint, Plaintiff asserts negligence and strict liability claims against Defendants Robert Johnson ("Mr. Johnson") and Maria Johnson ("Mrs. Johnson") (collectively, "Defendants") for alleged injuries that he suffered as a result of an alleged snake bite that occurred on Defendants' property. (Doc. 9). Before the Court is a motion for summary judgment filed by Defendants on October 28, 2024. (Doc. 29). For the reasons provided herein, Defendants' motion for summary judgment will be **DENIED**. (Doc. 29).

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from the parties' statements of material facts and responses thereto.[1] Defendants live in a two-story home in Saylorsburg, Pennsylvania that they share with their adult son Gregory Johnson ("Greg"). (Doc. 30, ¶ 1; Doc. 35, ¶ 1). Greg and Ms. Mayman have two sons, Plaintiff and R.J., who reside with Ms. Mayman in New York. (Doc. 30, ¶ 7; Doc. 35, ¶ 7). Defendants are the grandparents of Plaintiff. (Doc. 30, ¶¶ 1-7; Doc. 35, ¶¶1-7).

The factual background of this matter is relatively short but heavily disputed. During 2021, Plaintiff and R.J. were visiting Greg at Defendants' home. (Doc. 30, ¶ 11; Doc. 35, ¶ 11). According to Plaintiff, Greg kept snakes on Defendants' property and on one occasion, when Greg showed a snake to Plaintiff, and the snake bit Plaintiff. (Doc. 30, ¶ 11; Doc. 35, ¶ 11). Defendants dispute the presence of snakes on the property and question whether a bite occurred during the visit. (Doc. 30, ¶¶ 31-34; Doc. 35, ¶¶ 31-34). Defendants further assert

---

[1] Pursuant to Local Rule 56.1, the Court accepts as true all undisputed material facts supported by the record. Where the record evinces a disputed fact, the Court will take notice. The facts have been taken in the light most favorable to the non-moving party with respect to each motion. Plaintiff submitted an untimely response to Defendants' statement of facts and Defendants moved to strike the response from the record. (Doc. 36). Plaintiff is reminded of the Local Rules, which requires a timely response to a statement of material facts. *See* M.D. Pa. Local Rule ("LR") 56.1. Material facts of the movant will be deemed admitted unless the opposing party specifically disputes that fact in its response. *See* M.D. Pa. Local Rule ("LR") 56.1. However, it is the Court's preference to address the motion on its merits, and the Court will consider the entire record to ascertain the relevant factual background for this matter. *Rau v. Allstate Fire & Cas. Ins. Co.*, No. 3:16-CV-0359, 2018 WL 6422121, at *2 (M.D. Pa. Dec. 6, 2018); *Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Associates*, 39 F. Supp. 2d 517, 519 n.1 (M.D. Pa. 1999); *see also Ball v. Buckley*, No. 1:11-CV-1829, 2012 WL 6681797, at *1 (M.D. Pa. Dec. 21, 2012) (declining to strike counterstatements of fact); *see also Jorden v. Nat'l Guard Bureau*, 877 F.2d 245, 251 (3d Cir. 1989) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."). As such, Defendants' motion to strike is **DENIED**. (Doc. 36).

that they could have had no knowledge of any alleged snakes because they were physically disabled and could not go upstairs, where Plaintiff alleges the snakes were kept. (Doc. 30, ¶ 34; Doc. 35, ¶ 34). Plaintiff maintains that snakes were present on the property and that he and R.J. complained of hearing hissing noises to Defendants, a fact Defendants dispute. (Doc. 30, ¶¶ 27-31; Doc. 35, ¶¶ 27-31).

Plaintiff filed the operative amended complaint on November 9, 2023, asserting negligence and strict liability claims related to the alleged snake bite. (Doc. 9). On October 28, 2024, Defendants filed a motion for summary judgment, along with a brief in support, statement of facts, and supporting exhibits. (Doc. 29; Doc. 30; Doc. 30-1; Doc. 31). On November 14, Plaintiff filed a brief in opposition, along with supporting exhibits. (Doc. 32; Doc. 32-1; Doc. 32-2; Doc. 32-3; Doc. 32-4; Doc. 32-5). Plaintiff inadvertently omitted a response to Defendants' statement of facts, which he untimely filed on November 25, 2024. (Doc. 35). Defendants filed a reply brief on November 25, 2024. (Doc. 33). Accordingly, the motion for summary judgment is now ripe and ready for disposition.

## II.    MOTION FOR SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the

nonmovant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts that give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife*

4

*Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential).

## III.    DISCUSSION

### A.    COUNT I – NEGLIGENCE

Count I is a premise liability claim sounding in negligence. (Doc. 9). The parties dispute whether Defendants can be held liable for negligence for Plaintiff's injuries. (Doc. 31, at 6-10; Doc. 32, at 4-7). Defendants argue that they cannot be held liable because the record reflects that they had no knowledge of the snakes' presence in the house or that Greg would present any snake to Plaintiff and that they had no duty to supervise Greg's interactions with Plaintiff. (Doc. 31, at 6-10). Plaintiff asserts that summary judgment should be denied because whether Defendants can be liable for his injuries hinges on whether they knew about the snakes' presence in the home, which is an unresolved question of fact. (Doc. 32, at 7). Both parties contend that the other either provides contradictory evidence or relies on non-credible evidence for their assertions. (Doc. 31, at 4; Doc. 32, at 4, 6).

To establish a negligence claim, a plaintiff must demonstrate "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Estate of Swift by Swift v. Northeastern Hosp.*, 690 A.2d 719, 722 (Pa. Super. 1997); *see also Garcia v. United States*, No. 3:17-CV-01910, 2022 WL 19569519, at *4 (M.D. Pa. Dec. 14, 2022), *report and recommendation adopted*, No. 3:17CV1910, 2023 WL 8281686 (M.D. Pa. Nov. 30, 2023). Whether a duty exists is a question of law to be determined by the trial court. *Walters v. UPMC Presbyterian Shadyside*, 144 A.3d 104, 113 (Pa. Super. 2016). Pennsylvania has adopted Section 343 of the Restatement of Torts (Second), and, as such

… [a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Pusateri v. Wal-Mart Stores E., L.P.*, 646 F. Supp. 3d 650, 653 (W.D. Pa. 2022); *see also* Restatement (Second) of Torts § 343.

"For a danger to be 'known,' it must 'not only be known to exist, but … also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated.'" *Reinoso v. Heritage Warminster SPE LLC*, 108 A.3d 80, 85 (Pa. Super. 2015). Additionally, there are instances in which a third-party's intervening act can interrupt the causal chain such that liability cannot be imposed on a property owner. *See Phifer v. Du Pont Country Club, Inc.*, 138 F. App'x 446, 448–49 (3d Cir. 2005) (finding that a defendant is not liable when an intervening act by a third-party causes an injury and stating "a third party's act is an intervening, superseding cause if it was either unforeseeable, or was foreseeable but conducted in an extraordinarily negligent manner."); *Maugeri v. Great Atl. & Pac. Tea Co.*, 357 F.2d 202, 203 (3d Cir. 1966) (holding that under substantially similar New Jersey premise liability law, when an intervening act by a third-party causes a "condition which arises through no fault of the defendant[,]" the defendant will not be liable unless he had actual or constructive notice of the condition *or* the intervening act was foreseeable).

The record before this Court contains a question of material fact as to whether Defendants had the requisite knowledge of, and thus control over, the alleged snakes in their home by which Plaintiff was injured. There is evidence in the record that calls into question whether Defendants knew, or could have known, about the snakes. For instance, the record

6

contains an affidavit from Defendants, which provides that Defendants both have physical disabilities that restrict their mobility and ability to go upstairs where the snakes were allegedly kept. (Doc. 30-1, at 4). Specifically, Ms. Johnson stated in her sworn affidavit that she has never been upstairs, that "[a]t no point during their visit with us did we observe any injuries on our grandchildren that would suggest they were bitten by a snake or required medical treatment[,]" and that the "boys never told us they saw snakes in our home or asked for protection." (Doc. 30-1, at 4). Ms. Johnson stated in her deposition that, while Greg kept snakes in their home while growing up, there were "never" any snakes in the home in Pennsylvania where Plaintiff's injuries are alleged to have occurred. (Doc. 30-1, at 15). The record also contains a deposition from Greg in which he contends that he never brought snakes to Defendants' home. (Doc. 30-1, at 25).[2] However, Defendants' answers to Plaintiff's interrogatories contradict the statements Defendants and Greg made in their depositions. Specifically, Defendants state in their interrogatories that pythons and an anaconda had been kept on their property in 2020 and again in 2023. (Doc. 32-5, at 6).

The record also contains evidence that snakes did exist on Defendants' property and further, that Defendants knew about the snakes on their property. In support of this contention, Plaintiff submits depositions of Plaintiff, R.J., and Ms. Mayman. R.J.'s affidavit states that his father Greg kept snakes in Defendants' home, and that Defendants heard Plaintiff scream when he was allegedly bitten and saw bandages on his finger after he was

---

[2] Defendants also dispute the credibility of Ms. Mayman, contending that she may have influenced Plaintiff to allege that he was bitten by a snake and pointing to evidence that she was once diagnosed with Munchaussen by Proxy, a diagnosis disputed by Plaintiff. (Doc. 30, ¶ 8; Doc. 35, ¶ 8). Regardless, it is not the Court's place to weigh the credibility of Ms. Mayman.

allegedly bitten. (Doc. 32-1, at 2-3). Plaintiff himself stated in his deposition that he was bitten by a snake on Defendants' property, that he told Ms. Johnson about the incident, and that Ms. Johnson responded that he was "punished" for using her phone to record the snake hissing and that his father Greg could be "incarcerated" if Plaintiff told anyone. (Doc. 32-2, at 7, 12). However, Plaintiff also contradicts himself in his deposition when he says he did not tell his grandparents that he was bitten by a snake. (Doc. 32-2, at 12).

A reasonable juror could find either Plaintiff's or Defendants' testimony credible. *See Johnson v. MetLife Bank, N.A.*, 883 F. Supp. 2d 542 (E.D. Pa. 2012) (denying summary judgment where a reasonable juror could find arguably self-serving evidence credible despite other evidence introduced). Setting aside the testimony introduced by the parties, the Court is left with little to determine the degree of knowledge or control Defendants had over the snakes that were allegedly kept on their property. It would be improper to grant Defendants' motion for summary judgment at this time.[3] Whether Defendants knew of the presence of any snakes is still very much in dispute. Accordingly, Defendants' motion for summary judgment must be **DENIED**. (Doc. 29).

---

[3] Defendants also argue that they had no duty to supervise Greg's interactions with Plaintiff, and therefore cannot be liable for any injuries that occurred during those interactions, and that Greg showing Plaintiff the snake would be considered an intervening act. (Doc. 31, at 9-10). First, the duty that Defendants owed in these circumstances is the duty to have a home without dangerous animals, not the duty to supervise Greg. Therefore, the Court does not find that the duty to supervise has any bearing on the duty to keep dangerous animals off their property. Additionally, Defendants similarly contend that Greg showing Plaintiff the snake would have been an "intervening act," such that they can only be held liable if Greg's intervening act was "foreseeable." (Doc. 33, at 8-9). It is a question of fact whether Greg showing Plaintiff snakes would have been foreseeable, and therefore the Court will therefore deny Defendant's motion for summary judgment based upon the argument that they had no duty to supervise their adult son or that Greg's intervening act was not foreseeable. (Doc. 29).

B. COUNT II – STRICT LIABILITY

Defendants also move for summary judgment on Count II, a strict liability claim for injuries caused by the alleged snakes on their property. (Doc. 29). Strict liability "has long been applied to the keeping of wild animals." *Albig v. Mun. Auth. of Westmoreland Cnty.*, 502 A.2d 658, 662 (Pa. Super. Ct. 1985). However, Plaintiff's strict liability claim also turns on whether snakes were present on Defendants' property. This Court has already determined that there are questions of fact as to the presence of snakes, and the resolution of some of those factual issues will require weighing witness credibility, which is a duty improper for this Court to undertake at this juncture. Accordingly, Defendants' motion for summary judgment on the strict liability claims is also **DENIED**. (Doc. 29); *see Gallick v. Barto*, 828 F. Supp. 1168 (M.D. Pa. 1993) (denying summary judgment to defendants for negligence and strict liability claims related to the alleged presence on defendant's property of a dangerous ferret that bit a child when defendants knew about the ferret).

IV.    CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment is **DENIED.** (Doc. 29). An appropriate Order follows.

Dated: June 16, 2025                    *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**